UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERMAINE SHONTE RAINES,

      Petitioner,

v.

Case No. 1:12-cv-767

Hon. Robert J. Jonker

KENNETH MCKEE,

      Respondent.

_____/

**REPORT AND RECOMMENDATION**

      Germaine Shone Raines (sometimes referred to as "petitioner"), a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is now before the Court on respondent's motion for summary judgment on grounds that the petition should be dismissed as untimely (docket no. 7).

      **I.**    **Background**

      On July 12, 2006, a jury found petitioner guilty of two counts of armed robbery, M.C.L. § 750.529, two counts of assault with intent to do great bodily harm less than murder (AGBH), M.C.L. § 750.84, carrying a concealed weapon, M.C.L. § 750.227, possession of a firearm by a felon, M.C.L. § 750.227f, and possession of a firearm during the commission of a felony (felony-firearm), M.C.L. § 750.227b. *People v. Raines*, No. 276146, slip op. at p. 1 (Mich. App. Aug. 13, 2009) (docket no. 22); Trial Trans. II at pp. 360-62 (docket no. 15). The jury also found petitioner guilty of assault with a dangerous weapon, M.C.L. § 750.82. *Raines*, No. 276146, slip. op. at p.1, fn. 1. However, at sentencing, the trial court merged that charge into one of the armed robbery convictions. *Id.*

At the sentencing hearing on September 1, 2006, the trial court found that petitioner was a fourth-offense habitual offender, M.C.L. § 769.12, and sentenced him to concurrent sentences of 40 to 60 years imprisonment for each armed robbery conviction, 5 to 15 years for each AGBH conviction, 5 to 15 years for carrying a concealed weapon, and 5 to 15 years for felon in possession. Sent. Trans. at pp. 15-16 (docket no. 16). In addition, the state court sentenced petitioner to a consecutive prison term of two years for the felony firearm conviction. *Id.*

Petitioner filed an appeal of right with the Michigan Court of Appeals. That Court affirmed petitioner's conviction on August 13, 2009. *People v. Raines*, No. 276146 (Mich. App. Aug. 13, 2009). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which that Court denied on December 21, 2009. *People v. Raines*, No. 139764 (Dec. 21, 2009) (docket no. 23).

Petitioner returned to the trial court where, on December 27, 2010, he filed a motion for relief from judgment. Motion for relief from judgment (Dec. 27, 2010) (docket no. 18). The trial court denied this motion on February 28, 2011. Order denying motion for relief from judgment (Feb. 28, 2011) (docket no. 19). On March 14, 2011, petitioner filed a motion for reconsideration, which the trial court denied on March 31, 2011. Order denying motion for reconsideration (March 21, 2011) (docket no. 21).

On June 27, 2011, petitioner filed a delayed application for leave to appeal that decision in the Michigan Court of Appeals. Delayed Application (docket no. 24). The Michigan Court of Appeals denied petitioner's delayed application on September 13, 2011. *People v. Raines*,

No. 304811 (Mich. App. Sept. 13, 2011) (docket no. 24).[1] On November 2, 2011, petitioner filed an application for leave to appeal to the Michigan Supreme Court, which that Court denied on April 23, 2012. *People v. Eaines*, No. 143982 (Mich. April 23, 2012) (docket no. 24).[2]

Raines filed a petition in this Court seeking habeas relief under 28 U.S.C. § 2254. *See* Petition (docket no. 1). The petition is dated July 20, 2012, and was filed in this Court on July 25, 2012. *Id.* Because Raines filed his petition *pro se*, the petition is considered filed as of the date he signed it under penalty of perjury. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

## II.    Discussion

### A.    Motion for summary judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

---

[1] The Court notes that respondent submitted a single transcript of the appellate proceedings related to petitioner's appeal of the motion for relief from judgment which combined the proceedings in both the Michigan Court of Appeals and the Michigan Supreme Court. *See* Transcript (docket no. 24).

[2] In his motion, respondent states that petitioner filed his application for leave to appeal to the Michigan Supreme Court on December 6, 2011. Respondent's Brief at p. 9. The Court notes that petitioner's application for leave to appeal to the Michigan Supreme Court bears a file stamp of November 2, 2011. *See* Application (docket no. 24).

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B. Statute of limitations

Respondent contends that petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

4

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision of § 2244(d)(2) to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

### C. Raines' petition was untimely

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The record reflects that petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court, with the latter court denying his application for leave to appeal on December 21, 2009. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the expiration of the 90-day period in which petitioner could have sought review in the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Here, the 90-day period expired on March 21, 2010, meaning that petitioner had one year from that date, i.e., March 21, 2011, to file his habeas

5

application. As discussed, Raines filed his petition on July 20, 2012. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling or other excuse, his application is time-barred.

Petitioner filed a post-trial motion for relief from judgment. Under § 2244(d)(2), a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. An application for post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance' - *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures . . . ." *Carey v. Saffold*, 536 U.S. 214, 219 (2002).

The record reflects that petitioner filed his motion for relief from judgment on December 27, 2010, 281 days into the 365-day limitations period. The trial court denied his motion on February 28, 2011. Petitioner then filed a motion for reconsideration on March 14, 2011, which the trial court denied on March 31, 2011. Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals on June 27, 2011,[3] which that Court denied the on September 13, 2011. Petitioner filed his application for leave to appeal to the Michigan Supreme Court on November 2, 2011, which that court denied on April 23, 2012. Thus, as of April 23, 2012, Raines had 84 days remaining of the one year statute of limitations, or until July 16, 2012, to file his habeas

---

[3] Under the Michigan Court Rules, petitioner had six months after the denial of this order in which to file a delayed application for leave to appeal to the Michigan Court of Appeals. *See* MCR 7.205(F)(3).

petition.[4] However Raines did not file his petition until July 20, 2012, some four days late, and his petition for habeas relief is untimely.

### D. Raines has not demonstrated equitable tolling

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 6456(2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260. Here, Raines has not established that he is entitled to equitable tolling. Indeed, Raines did not even file a brief to contest respondent's motion for summary judgment. Accordingly, Raines' petition is time-barred.

---

[4] The Court notes that the statute of limitations is not tolled during the 90 days in which Raines could have petitioned the United States Supreme Court for review of his post-trial motion for relief. *See Lawrence*, 549 U.S. at 332.

### III. Recommendation

I respectfully recommend that respondent's motion for summary judgment (docket no. 7) be **GRANTED** and that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.

I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: February 3, 2014                          /s/ Hugh W. Brenneman, Jr.
                                                 HUGH W. BRENNEMAN, JR.
                                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).